### Piersol v. Piersol.

*Divorce—Bill of particulars.*

Where, in an action for divorce on the ground of desertion, the respondent files an answer, making general allegations of cruel and barbarous treatment and adultery, the libellant is entitled to a bill of particulars, though the same would not be necessary to enable the parties to frame an issue.

Divorce. Rule for a bill of particulars. C. P. Lancaster Co., April T., 1926, No. 30.

*Charles W. Eaby,* for rule; *John E. Malone,* contra.

LANDIS, P. J., Sept. 25, 1926.—This is an action for divorce. The libel sets forth that the respondent, on June 12, 1923, "wilfully and maliciously deserted and absented herself from the habitation of the libellant, without a reasonable cause, for and during the term and space of more than two years last past."

The respondent filed an answer, in which she denied that she wilfully and maliciously deserted and absented herself from the habitation of the libellant on June 12, 1923, or at any other time. She averred that she was compelled to leave because of his cruel and barbarous treatment, his constant drinking, and because he told her to go, and also because of adultery with other women. She further averred that she and the libellant have resided separate and apart by reason of an arrangement or agreement under which he was to pay her $11 a week for the support of herself and child. The libellant has now presented his petition, asking for a bill of particulars as to the cruel and barbarous treatment and the adultery alleged.

We do not think a bill of particulars is necessary in order to enable the parties to frame an issue. The foundation of the libellant's case is desertion, and the whole issue is whether or not the respondent deserted him. The

Piersol v. Piersol.

denial of the desertion, the allegations of cruel and barbarous treatment and adultery, and the alleged separation by consent, are matters of defence and have nothing to do with the issue which the jury must try.

Where, however, general allegations are made by either of the parties in a proceeding in divorce, the other may ask for a bill of particulars. In Weimer v. Weimer, 1 Pearson, 539, it is said: "More than one hundred years ago, Lord Hardwicke, then Chief Justice of England, declared 'that these notices should be almost as certain as special declarations;' the legislature designed them to be in the nature of cross-actions, and they should be expressed with great certainty that the plaintiff might be able to make a proper defence to them: Buller's Nisi Prius, 179; 1 Sellon's Practice, 329. To the same effect is the law as stated in Gilpin v. Howell, 5 Pa. 53, where it is said: 'The rule of practice which sanctions a call for paticulars has for its object definite information to the antagonist party of the cause of action.' To this may be added 2 Saunders on Pleading and Evidence, 699; 3 Pick. 436; 3 W. & S. 61. In Moatz v. Knox, 11 Pa. 268, 270, it is said: 'The sole object of notice is to give the adversé party an opportunity of testing the accuracy of the facts sworn to, by inquiries made at the place and about the time they transpired.' And again: 'The main facts, places, etc., ought to be specified to give the opposite party an opportunity of examination and scrutiny.' This general doctrine has always been applied to both libellants and respondents in proceedings in divorce. Each may be required to accurately specify the particulars relied on by way of claim or defence, and it has superseded in this State the long and complicated recitals customary in the ecclesiastical courts."

We are of opinion that the libellant is entitled in this case to his bill of particulars. Rule made absolute.

From George Ross Eshleman, Lancaster, Pa.